IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY MAKUSKI,

                      Plaintiff,                    ORDER

    v.

                                            14-cv-197-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

---

       Plaintiff Anthony Makuski seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. On June 22, 2015, the court heard oral argument in this case. For reasons discussed during the hearing, the court will remand this case to the Commissioner for further proceedings.

       Makuski alleged that he was unable to work because of leg and back pain. In 2010, Makuski's treating physician, Ronald Hollis, MD, opined that Makuski required physical limitations that would allow him to perform only sedentary work. R. 585-87.[1] Dr. Hollis further opined that Makuski would need to be absent from work at least four days per month, and that he would be unable to maintain the attention and concentration necessary to perform simple work tasks. The ALJ generally incorporated Dr. Hollis's physical limitations into Makuski's residual functional capacity assessment. R. 29. But the ALJ rejected the opinion with regard to absenteeism and concentration, reasoning that these parts of Dr. Hollis's opinion were not supported by the evidence, and that Makuski's activities of daily living contradicted such severe

---

[1] Record cites are to the Administrative Record. Dkt. 8.

restrictions. Remand is required because the ALJ did not adequately explain why he discredited Dr. Hollis's opinion.

The ALJ began by assessing Makuski's credibility. The ALJ's summary of Makuski's daily activities left out the ways in which Makuski modified those activities to accommodate his pain. For example, the ALJ noted that Makuski "does laundry and is able to drive up to an hour." R. 27. But Makuski explained that his wife helps him with the laundry, R. 258, and that he "does laundry" by taking the basket down the steps one at a time. R. 69. Likewise, the ALJ wrote that Makuski provides care for his children and his dogs. R. 27. The record confirms, however, that Makuski cannot carry his children and must take pain medication before helping them get ready for the day. R. 256, 274. And Makuski requires help from his wife and daughter to care for the dogs. R. 275-76. Because Makuski's subjective complaints, and the credibility of those complaints, are critical to the appraisal of Dr. Hollis's opinion, the ALJ must accurately describe Makuski's activities of daily living before using them to discredit his statements about his pain.

On remand, the ALJ must also reconsider his rejection of Dr. Hollis's absenteeism opinion and concentration restriction. As a treating source, Dr. Hollis is entitled to at least an initial presumption in favor of his proposed limitations. But the ALJ did not identify and analyze the pertinent regulatory factors under 20 C.F.R. § 404.1527(c) to accurately and logically explain why Dr. Hollis's opinion deserved less weight. The ALJ did not consider—or even acknowledge—that Dr. Hollis had a treating relationship with Makuski (which would normally entitle the doctor's opinions to greater weight), nor did the ALJ cite directly to record evidence that contradicted Dr. Hollis's absenteeism recommendation. And with regard to the concentration restriction, the ALJ must expressly discuss the limitation and the relevant evidence of record. The ALJ cannot, for example, rely on evidence of Makuski's ability to follow

2

instructions when the doctor's opinion addresses Makuski's inability to maintain attention and concentration.

This order does not mandate that any medical opinion be given a particular weight, nor does it mandate a finding of disability. But if the ALJ finds that Dr. Hollis's limitations do not deserve the weight otherwise owed to treating source opinions, then he must articulate his reasons for that conclusion. Because the credibility of Makuski's subjective complaints of pain will frame the analysis in this case, the ALJ must carefully analyze the evidence of record before arriving at a credibility determination.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered June 24, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge